IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RICKY PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 17 CV 7505 |
| ) | |
| The CITY OF CHICAGO, et al., Illinois, a ) | Judge PACOLD |
| municipal corporation, Chicago Police ) | |
| Detectives PETER LEGLER #20939, CHARLES ) | Magistrate Judge GILBERT |
| GARCIA #20728, TERRANCE FOWLER #20500, ) | |
| MICHAEL PERRICONE #21169, ANTHONY ) | |
| PULCANIO #20471, JOSEPH WAGNER #20112, ) | |
| and REBECCA WEATHERS #20691, Chicago ) | |
| Police Officers NICK ARGYROPOULOS #3322, ) | |
| STANLEY FIGUS #18305, and MICHAELA ) | |
| TUOHY #9801, and Assistant State's Attorney ) | |
| LAUREN DAVALLE, and COOK COUNTY, ) | |
| Illinois, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, RICKY PRICE, by his attorneys, HAMILTON LAW OFFICE, LLC, makes the following first amended complaint against Defendants CITY OF CHICAGO, Illinois ("Defendant CITY"), and Chicago Police Detectives PETER LEGLER #20939, CHARLES GARCIA #20728, TERRANCE FOWLER #20500, MICHAEL PERRICONE #21169, ANTHONY PULCANIO #20471, JOSEPH WAGNER #20112, and REBECCA WEATHERS #20691, ("Defendant DETECTIVES"), Chicago Police Officers NICK ARGYROPOULOS #3322, STANLEY FIGUS #18305, and MICHAELA TUOHY #9801 ("Defendant OFFICERS"), Assistant State's Attorney LAUREN DAVALLE, and COOK COUNTY, Illinois.

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and under Illinois common law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. Plaintiff RICKY PRICE is a 37-year-old resident of Berwyn, Illinois.

5. At all relevant times, Defendant DETECTIVES and OFFICERS are or were Chicago Police Detectives and Chicago Police Officers employed by Defendant CITY, acting under color of law and within the scope of their employment.

6. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times was the employer and principal of Defendant DETECTIVES and Defendant OFFICERS. Should Plaintiff prevail on his claims, Defendant CITY must indemnify Defendant DETECTIVES and Defendant OFFICERS pursuant to 735 ILCS 10/9-102.

7. Defendant LAUREN DAVALLE was at all relevant times an Assistant State's Attorney and prosecutor, employed by Defendant COOK COUNTY, and acting under color of law and within the scope of her employment.

8. While Defendant DAVALLE was employed as a prosecutor, all of her conduct that is pertinent to this case was investigative rather than prosecutorial and occurred before any court proceedings began.

9. Defendant COOK COUNTY is a local government entity in the State of Illinois. Defendant COUNTY is, or was at all relevant times, the employer and principal of Defendant DAVALLE. Should Plaintiff prevail on his claims against Defendant DAVALLE, Defendant COUNTY must indemnify DAVALLE on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

## FACTS

10. On April 8, 2017, Devon Norman was shot in the groin and Lashonda Burton was shot in the buttocks in Chicago, Illinois.

11. On April 19, 2017, Defendant DETECTIVES and Defendant OFFICERS caused Plaintiff to be arrested for the shooting of Devon Norman.

12. Defendant DETECTIVES and Defendant OFFICERS did not obtain a warrant authorizing Plaintiff's arrest.

13. Defendant DETECTIVES fabricated evidence against Plaintiff, including false police reports and false witness statements.

14. Defendant DAVALLE became involved in the investigation being conducted by Defendant DETECTIVES and met them at the hospital where Devon Norman was being treated to assist in the investigation.

15. Defendant DETECTIVES and Defendant DAVALLE coerced and deceived eyewitnesses into falsely implicating Plaintiff in the shooting of Devon Norman.

16. Defendant DETECTIVES wrote police reports falsely claiming that eyewitnesses identified Plaintiff in photo arrays as the person who shot Devon Norman.

17. On April 19, 2017, Defendant DETECIVES caused Plaintiff to be charged with aggravated battery for the shooting of Devon Norman.

18. Defendants did not have probable cause to believe that Plaintiff was involved in the shooting of Devon Norman.

19. Plaintiff is innocent of the shooting of Devon Norman.

20. The judge who determined that there was probable cause to detain Plaintiff for trial made that decision based solely on Defendants' fabricated evidence and false statements.

21. The grand jury that indicted Plaintiff for aggravated battery did so based solely on Defendants' fabricated evidence and false statements.

22. Defendants caused a deprivation of Plaintiff's liberty because Plaintiff was held in Cook County Jail and the Illinois Department of Corrections on the false charges placed against him for nearly two years, or 693 days.

23. If it had not been for the misconduct of Defendants in fabricating evidence against Plaintiff, his prosecution would not have been commenced or continued and he would not have been falsely imprisoned for nearly two years.

24. Plaintiff was found not guilty by a jury on March 12, 2019 and was released from custody.

25. As a result of the false criminal charges Defendant OFFICERS placed against him and his resulting two-year incarceration, Plaintiff lost his job with the Chicago Transit Authority.

## COUNT I
(42 U.S.C. § 1983 – False Arrest)

26. Each of the foregoing paragraphs is incorporated as if fully restated here.

27. As described above, Defendant DETECTIVES and Defendant OFFICERS arrested Plaintiff, or caused him to be arrested, without probable cause or any other legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

28. As a direct and proximate result of this illegal arrest, Plaintiff suffered a loss of liberty and other damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant DETECTIVES and Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. §1983 – Fourth Amendment Claim)

29. Each of the foregoing paragraphs is incorporated as if fully restated here.

30. In the manner described above, Defendants, in conspiracy with one another, fabricated evidence regarding the circumstances that led to Plaintiff's arrest.

31. In so doing, Defendants caused Plaintiff to be subjected to pretrial detention unsupported by probable cause, in violation of Plaintiff's rights as secured by the Fourth Amendment.

32. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally or with reckless indifference to Plaintiff's constitutional rights.

33. As a result of Defendants' misconduct described in this Count, Plaintiff suffered a loss of liberty, pecuniary and emotional damages.

   **WHEREFORE,** Plaintiff prays for a judgment against Defendants in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT III
(42 U.S.C. §1983 – Fourteenth Amendment Claim)

34. Each of the foregoing paragraphs is incorporated as if fully restated here.

35. In the manner described more fully above, Defendants fabricated false evidence, including fabricated police reports, which were used to deprive Plaintiff of his liberty in violation of his constitutional right to due process guaranteed by the Fourteenth Amendment.

36. The misconduct described in this Count was undertaken with deliberate indifference to Plaintiff's rights.

37. As a result of Defendants' misconduct described in this Count, Plaintiff suffered a loss of liberty, pecuniary and emotional damages.

   **WHEREFORE,** Plaintiff prays for a judgment against Defendants in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT IV
(Illinois Common Law, Malicious Prosecution)

38. Each of the preceding paragraphs is incorporated as if fully restated here.

39. As described above, Defendants caused or continued criminal proceedings against Plaintiff without probable cause.

40. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendants created false or inaccurate police reports and complaints, and/or made false statements to a prosecutor(s) regarding the circumstances of Plaintiff's arrest.

41. The criminal proceedings against Plaintiff were terminated in his favor.

42. As a direct and proximate result of the malicious prosecution, Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiffs prays for a judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for the damages he has suffered, as well as such other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

RICKY PRICE, Plaintiff

By: /s Torreya L. Hamilton
    One of Plaintiffs' Attorneys

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Atty. No. 6229397